(No. 2538—▮▮▮▮▮▮)

WILLIAM WASSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 14, 1939.*

CHARLES E. LEE, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

498

Mr. Justice Linscott delivered the opinion of the court:

It is claimed that William Wasson, while aiding in the removal of a stairway was severely injured about the back of his head, neck and shoulders when the staircase slipped and fell on him on July 20, 1934. It is charged that the accident was witnessed by a number of fellow workers. Notice was given to the Macon County Illinois Emergency Relief Commission, and claimant was treated by Dr. W. P. Davidson of Decatur, Illinois. At the time of the accident claimant was being paid at the rate of $1.10 per hour but was only employed partial time, receiving $39.60 each two weeks. It is charged that from the date of the injury, July 20, 1934 until November 13, 1935, claimant was "practically incapacitated from work of any sort" and that from that time until the date of the hearing he had worked occasionally under the Emergency Relief.

At the time of the accident he was married and stood in the relationship of parent to four children under sixteen years of age.

Claimant is asking Thirty-one Hundred Dollars ($3100.00) based on total and permanent disability as an employee of the Illinois Emergency Relief Commission.

It is true that at least five other men were working with him at the time of the removal of the staircase in question,

but none of them knew of any accident to the claimant or of any injury received by him although they were there all of the time, and none of them knew of the staircase slipping or falling or of anything unusual having occurred during the removal of the staircase. Claimant finished his day's work and worked a day or two after that, and then he was directed to consult Dr. W. P. Davidson of Decatur, Illinois, and later Dr. F. E. Smith and his associate, Dr. Pence. He has received direct relief, having no employment and not being employed because of his alleged injuries. Medical services have been rendered to claimant on order of the Macon County Emergency Relief Committee.

The alleged accident did not leave any objective symptoms. The testimony discloses that there were no lacerations, abrasions, swellings or discolorations.

Under the facts in this case, a claim for award must be denied. Before one may recover a claim of this kind, the burden is upon him to prove by a greater weight or preponderance of the evidence that he suffered an accident and that he received an injury.

Section 145, Chapter 48, Illinois Revised Statutes 1937 sub-paragraph (i) 3 states that:

"*Provided, further*, that all compensation payments named and provided for in paragraphs (b), (c), (d), (e) and (f) of this section, shall mean and be defined to be for injuries and only injuries as are proven by competent evidence, of which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself."

Claim for award will, therefore, be denied.